IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| SEAN C. HIGGINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 11-2728-JPM-dkv |
| | ) |
| ERIC K. SHINSEKI, SECRETARY OF | ) |
| THE DEPARTMENT OF VETERANS | ) |
| AFFAIRS, | ) |
| | ) |
| Defendant. | ) |

_____

REPORT AND RECOMMENDATION ON THE DEFENDANT'S MOTION TO DISMISS
AND *SUA SPONTE* DISMISSAL
_____

On August 24, 2011, the plaintiff, Sean C. Higgins ("Higgins"), filed a *pro se* Complaint under Title VII of the Civil Rights Act of 1964, (Compl., D.E. 1), accompanied by a motion seeking leave to proceed *in forma pauperis*, (D.E. 2). On August 25, 2011, the court issued an order denying Higgins leave to proceed *in forma pauperis*, (D.E. 3), and subsequently referred the case to the *pro se* staff attorney for screening. This case has now been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Order of Referral, D.E. 17.) For the reasons that follow, it is recommended that this case be dismissed for lack of subject-matter jurisdiction.

# I. PROCEDURAL AND FACTUAL BACKGROUND

The complaint alleges that the defendant, Eric K. Shinseki ("Shinseki"), in his official capacity as Secretary of the Department of Veterans Affairs ("the agency"), discriminated against Higgins on the basis of his race, color, and sex by "breach[ing a] settlement agreement." (Compl., D.E. 1 ¶ 9.) Attached to the complaint is a decision, dated May 24, 2011, of the United States Equal Employment Opportunity Commission ("the EEOC"), which decision affirms a December 22, 2009 Final Agency Decision of the Department of Veterans Affairs addressing this same breach-of-settlement-agreement allegation.

Presumably, the settlement agreement to which Higgins refers is one that was reached by him and the agency on September 2, 2009, in resolution of an earlier (internal) complaint of discrimination Higgins had filed after the agency terminated his employment. Under the terms of that agreement, the agency was to reinstate Higgins's employment, pay him a sum of $15,000, within 45 days of the date of the settlement agreement, and remove from his official personnel folder any and all documentation relating to the allegedly discriminatory termination. On October 30, 2009, the agency issued a check to Higgins for $15,000. The EEOC decision recites that Higgins sent a number of emails to the agency between October 23, 2009 and November 30, 2009, alleging that the agency had failed to timely make the $15,000 payment to him and had thereby breached

the settlement agreement, and requesting that the agency pay interest to account for the delay. On November 9, 2009, the agency issued Higgins a check for an interest amount of $36.21.

In its December 22, 2009 final decision on the matter, the agency determined that the delay in payment to Higgins—a delay of only thirteen days—was a result of the agency's fiscal-year closeout procedures and noted that it had paid Higgins interest on the delay. The agency therefore concluded that it had substantially complied with the terms of the settlement agreement. Higgins appealed that decision to the EEOC, and, as previously noted, the EEOC affirmed.

## II. ANALYSIS

On January 24, 2013, Shinseki filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Higgins has not responded to the motion to dismiss, and the time for response has expired.[1]

On the issue of subject-matter jurisdiction, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not

---

[1] Before addressing a dispositive motion, the court ordinarily issues an order directing a nonmoving party who has failed to respond to show cause why the motion should not be granted. It is unnecessary to do so in this case because the action is appropriately dismissed *sua sponte* for the reasons stated *infra*.

to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."); *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982)("Federal courts are courts of limited jurisdiction. The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction."); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)("It is a fundamental precept that federal courts are courts of limited jurisdiction."). Federal courts are obliged to act *sua sponte* whenever a question about jurisdiction arises. *See, e.g., Ins. Corp. of Ireland, Ltd.*, 456 U.S. at 702 (stating that "a court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion"); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938); *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have

4

a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*."). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

In his complaint, Higgins alleges that 42 U.S.C. § 2000e-5 specifically confers jurisdiction in this case. (Compl., D.E. 1 ¶ 1.) The United States (and its executive-branch agencies) enjoy sovereign immunity from suit unless the immunity has been explicitly waived. *United Liberty Life Ins. Co. v. Ryan*, 985 F.2d 1320, 1325 (6th Cir. 1993). It is well established that indeed, in 42 U.S.C. § 2000e-16(c), Congress did explicitly waive the United States' sovereign immunity as to *discrimination* actions brought against the federal government. Recently, the Sixth Circuit in *Taylor v. Geithner*, 703 F.3d 328 (6th Cir. 2013), was called upon to decide "whether this waiver extends to" the type of action Higgins brings here: "breach of a settlement agreement entered into by an employee and the federal government that is based on an underlying discrimination claim." *Id.* at 333. The *Taylor* court, relying on the plain language of the applicable statute and regulations, found that it did not.

First, EEOC Regulation 29 C.F.R. § 1614.504 instructs employees on how to report agency noncompliance with a settlement agreement, but it is silent as to whether relief can be had in federal court. *Id.* Second, "nothing in 42 U.S.C. §

2000e-16(c) indicates that it is intended to waive sovereign immunity for claims other than discrimination." *Id.* at 335. Thus, because of the unequivocalness with which any waiver of sovereign immunity must be declared and because the plaintiff could not "point to an express waiver of sovereign immunity concerning breach-of-settlement-agreement claims," the *Taylor* court concluded that the district court lacked subject-matter jurisdiction over the claim. *Id.*

Based on the Sixth Circuit's decision in *Taylor*, the court does not have subject-matter jurisdiction over Higgins's claim.

III. RECOMMENDATION

For the foregoing reasons, it is recommended that Higgins's complaint be dismissed *sua sponte* for lack of subject-matter jurisdiction.

Respectfully submitted this 22nd day of April, 2013.

s/ Diane K. Vescovo
Diane K. Vescovo
United States Magistrate Judge


NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. FED. R. CIV. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.